### No. 3203.—D. D. De Moss v. Cobb, Manlove & Co.

Prescription does not run against the action to annul a judgment that has been rendered against a person incapable of standing in judgment. C. P. 612. The confession of judgment by a minor is a nullity which dates from its rendition, and the subsequent acknowledgment of liability under the judgment after he becomes of age, will not render valid the judgment which is void from the date of its rendition.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *E. D. & T. P. Farrar*, for plaintiff and appellee. *Sparrow & Montgomery*, for defendants and appellants

Howell, J. The plaintiff enjoins the execution of and seeks to annul a judgment by confession in favor of defendants, on the grounds

that when, in October, 1861, the judgment was rendered he was a minor under the age of eighteen and incapable of standing in judgment, and that his tutor, D. M. Dancy, who with the counsel of defendants, induced him to sign a pretended confession of judgment, is the real debtor of defendants, and was at the time and is now indebted to plaintiff.

The defense is a general denial, and the allegation that prior to confessing judgment plaintiff was judicially emancipated and had settled with his tutor, and that the debt on which the judgment was based inured to plaintiff's benefit. Prescription is also pleaded.

Article 612 C. P. declares that the nullity of a judgment against one not qualified to appear in a suit may be demanded at any time, unless the defendant suffer the judgment to be executed against his property without opposition. Prescription, therefore, does not apply if plaintiff was a minor, as alleged.

As to his age, it is clearly shown that when the alleged emancipation was granted, and the agreement or settlement with his tutor was entered into, he was under sixteen, and when the confession was made and the judgment thereon rendered, he was only a few days over seventeen. These acts were consequently nullities. It is contended, however, that the evidence shows that after plaintiff became of age, he acknowledged his liability under the judgment, and its nullity was thereby cured. The evidence does not sustain this position, but if it did we are not prepared to say that such an acknowledgment would give validity to a judgment null at the date of its rendition. The acknowledgment might be the basis of another judgment on the debt.

Judgment affirme